UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
: 
BAYONNE MED REALTY, LLC, :
 :
    Plaintiff, :
 : Honorable Madeline Cox Arleo
v. :
 : Civil Action No. 08-1004 (JAG)
 :
CITIZENS INSURANCE COMPANY : **SUPPLEMENTAL**
OF AMERICA, : **REPORT AND RECOMMENDATION**
 :
    Defendant. :
_____:

      This matter comes before the Court upon two motions by Plaintiff, Bayonne Med Realty, LLC ("Bayonne Med").  First, Bayonne Med has moved to amend the Complaint.  Second, Bayonne Med has moved to remand the pending civil action to the Superior Court of New Jersey, Hudson County: Law Division.

**BACKGROUND**

      On or about February 7, 2008, Bayonne Med filed suit against Defendant Citizens Insurance Company of America ("Citizens") in the Superior Court of New Jersey, Hudson County: Law Division.  In brief, the Complaint alleges the following facts:

      Bayonne Med, a New Jersey limited liability company, owns commercial real property located at 474-476 Broadway in Bayonne, New Jersey ("the Buildings").  Citizens, a Michigan corporation with a principal place of business outside of New Jersey, is an insurance company. Bayonne Med obtained insurance ("the Policy") on the Buildings from Citizens.  In Mid-November of 2007, the Buildings sustained damage covered by the Policy.  Bayonne Med filed a claim for the

loss with Citizens, which refused to pay the claim. Bayonne Med stated a single cause of action, for breach of contract, and sought damages. On February 25, 2008, Citizens removed the pending state court action to this Court, pursuant to 28 U.S.C. § 1441, based on diversity jurisdiction.

On March 3, 2008, Citizens filed its Answer, which asserted a single counterclaim. In brief, the Answer alleged the following facts:

In June of 2007, Bayonne Med engaged Boswell Engineering ("Boswell") to inspect the Buildings, and, on June 25, 2007, Boswell issued a written report. This report advised Bayonne Med of the "significant deterioration, structural problems, and poor overall condition of the Buildings." (Answer ¶ 14.) Bayonne Med applied for the Policy on or about July 12, 2007 and materially misrepresented the condition, age, and use of the Buildings. The counterclaim seeks rescission of the Policy. On March 15, 2008, Bayonne Med filed its Answer to the counterclaim.

On March 31, 2008, Bayonne Med filed the instant motions. Bayonne Med seeks to amend the Complaint to add new Defendants Tanenbaum-Harber Co., Inc. ("Tanenbaum"), Paul Beck, P.E. ("Mr. Beck"), Paul Beck Associates, P.A. ("Beck Associates"), and Boswell Engineering. The proposed Amended Complaint alleges the following facts:

Tanenbaum is a New York insurance brokerage company. Beck Associates is a New Jersey company with a principal place of business in New Jersey. Mr. Beck is a professional engineer, licensed by the State of New Jersey, who is the principal of Beck Associates, and believed to be a resident of New Jersey. Boswell Engineering is a New Jersey company with a principal place of business in New Jersey.

Tanenbaum is the insurance broker that obtained the Policy for Bayonne Med. Bayonne Med engaged Mr. Beck, Beck Associates, and Boswell Engineering to make engineering inspections and

evaluations of the Buildings prior to purchasing them. Bayonne Med relied on these engineering evaluations when it purchased the Buildings.

In the proposed Amended Complaint, Bayonne Med asserts four new claims. Count Two asserts a negligence claim against Tanenbaum and alleges that, to the extent that any misrepresentations were made to Citizens when Bayonne Med obtained the Policy, as alleged in Citizens' counterclaim, Tanenbaum made the misrepresentations without the knowledge of Bayonne Med. Count Three asserts a negligence claim against the three engineering defendants, alleging that they were negligent in evaluating the Buildings for Bayonne Med. Counts Four and Five assert common law fraud and New Jersey consumer fraud actions against Mr. Beck and Beck Associates for their misrepresentations to Plaintiff about the Buildings.

Because Mr. Beck, Beck Associates, and Boswell Engineering are citizens of New Jersey, granting the motion to amend would destroy diversity. Bayonne Med has therefore filed the second motion before this Court today, a motion to remand this case to the Superior Court of New Jersey, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction.

For the following reasons, this Court grants the motion to amend, and it is respectfully recommended that the motion to remand be GRANTED.

**DISCUSSION**

Under Federal Rule of Civil Procedure 15(a), once a response to a party's pleading is served, that pleading may be amended only by seeking leave of court or by obtaining permission of the opposing party. FED. R. CIV. P. 15(a); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). FED. R. CIV. P. 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Leave to amend, however, may be denied for reasons such as: (1) undue delay; (2) bad faith or

3

dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); Adams v. Gould, 739 F.2d 858, 868 (3d Cir. 1984), cert. denied, 469 U.S. 1122.

Bayonne Med seeks to add four new defendants to the case. Three of the proposed defendants are citizens of New Jersey and thus are not diverse from Plaintiff; proposed Defendant Tanenbaum would be diverse. Because the diversity-destroying amendment analysis differs from the non-diversity-destroying amendment analysis, this Court will first address the motion to amend in regard to the three non-diverse defendants, and then the motion to amend with regard to the single diverse defendant.

In this case, it is undisputed that granting the motion to amend with regard to Mr. Beck, Beck Associates, and Boswell Engineering would join non-diverse defendants, destroying diversity and, with it, the basis for this Court's subject matter jurisdiction. This aspect of the motion therefore invokes 28 U.S.C. § 1447(e):

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the Court may deny joinder, or permit joinder and remand the action to State Court.

The permissive language of the statute indicates that the decision is entrusted to this Court's discretion. The Third Circuit has not yet interpreted § 1447(e), but courts in this district along with numerous other districts have adopted a flexible and equitable approach developed by the Fifth Circuit Court of Appeals in Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). See, e.g., City of Perth Amboy v. Safeco Insurance Co. of America, 539 F. Supp.2d 742, 746 (D.N.J. 2008); Bernheim v. Estate of Bedrick, 2007 WL 2900377, at *1 (D.N.J. Oct. 1, 2007); Doe v. Society for

4

Creative Anachronism, Inc., 2007 WL 2155553, at *3 (E.D. Pa. July 25, 2007).

In Hensgens, the Fifth Circuit directed courts to consider four matters when ruling on a diversity-destroying motion to amend in a removal action: 1) whether the purpose of the plaintiff's motion is to defeat diversity jurisdiction; 2) whether the plaintiff was dilatory in seeking to amend his complaint; 3) whether the plaintiff will be prejudiced if the motion is not granted; and 4) any other equitable factors. Hensgens, 833 F.2d at 1182.

As to the first consideration, the purpose of the amendment, the Court finds no evidence of a primary intent to defeat this Court's diversity jurisdiction. Rather, as Bayonne Med contends, the motion to amend was made in response to the filing of the counterclaim by Citizens. Bayonne Med seeks to amend the Complaint to add parties and claims that are related to its defense to the counterclaim. It is clear that Bayonne Med's primary intent in adding non-diverse parties is not the destruction of diversity but, rather, efficiency in defending itself against the counterclaim and litigating its various claims related to its purchase of the Policy. Bayonne Med contends that joining these parties and including these claims will allow for a more efficient resolution of the various disputes, and this is persuasive. Bayonne Med's intention in making the motion is to make their litigation more efficient, not to destroy diversity. Thus, the first Hensgen consideration weighs in favor of allowing the amendment.

As to the second Hensgens consideration, Plaintiff was not dilatory in seeking to amend the Complaint. On March 13, 2008 – only ten days after Citizens filed its Answer and counterclaim – Plaintiff first moved to remand in this Court. As explained in Plaintiff's supporting certification, Plaintiff proposed that the problem of diversity destruction be handled by remanding the case to state court, and then amending the Complaint. (Bronster 3/13/2008 Cert. ¶ 16.) After Defendants

pointed out some defects in this approach, Plaintiff withdrew that motion and filed the present two motions on March 31, 2008. Plaintiff cannot be described as dilatory in this matter; rather, having first moved ten days after Citizens filed the counterclaim, Plaintiff has been exceptionally prompt. The second Hensgen consideration weighs in favor of allowing the amendment.

As to the third factor in Hensgens, prejudice to the Plaintiff if the motion is not granted, this Court finds that this factor weighs in favor of Plaintiff. First, Plaintiff will suffer prejudice in the form of economic burden if it is required to maintain two separate actions, the present one and an action against the engineering Defendants and Tanenbaum in state court. Plaintiff will be required to litigate two cases involving intersecting sets of facts, documents and issues in two different forums. See City of Perth Amboy v. Safeco Insurance Co. of America, 539 F. Supp.2d 742, 749 (D.N.J. 2008).

Second, while Plaintiff could clearly bring a separate suit against Boswell Engineering in state court, there is a risk of conflicting findings and rulings. To resolve the counterclaim, this Court will have to make factual determinations about the actual condition of the Buildings, and the services that Boswell Engineering rendered in regard to the Buildings. To resolve the negligence claim against Boswell Engineering, a state court would have to make the same factual determinations. The potential for exposure to conflicting findings weighs in favor of remand, so that all issues are decided at one time in one forum.

In terms of other equitable factors, several weigh in favor of allowing amendment. First, Citizens chose to expand this case. Bayonne Med argues persuasively that, prior to Citizens' filing the counterclaim, it was more efficient to pursue a separate state court negligence action against Mr. Beck and Beck Associates, and that it had filed that action separately in state court at the time that

it filed the action against Citizens. Now, Bayonne Med contends, given Citizens' counterclaim, it is no longer efficient to litigate two separate actions, since the issues now overlap significantly. It would be inefficient and duplicative for Bayonne Med to continue this case in this Court, based on the present Complaint without amendment, in addition to a separate negligence action against the engineering defendants in state court. Indeed, this is so because a significant portion of the factual determinations that would be necessary for resolution of the negligence actions – the determination of the actual condition of the Buildings and what the engineering parties reported about the Buildings to Bayonne Med – would also be needed to resolve Citizens' counterclaim. It is far more efficient to have one litigation to resolve these disputes. Thus, judicial efficiency and economy weigh in favor of this Court's decision to allow the joinder of the three non-diverse defendants.

In its opposition, Citizens contends that it will suffer prejudice if this Court grants the motion to amend, but makes only two unpersuasive arguments in support. First, Citizens argues that allowing amendment will result in a longer trial, because the issues around the standard of care applicable to professional engineers will be litigated. While it is quite reasonable to expect that this would result in a longer trial, the amount that Citizens will suffer from the increase in trial length is minimal, weighed against the greater judicial efficiency that is likely to result.

Second, Citizens argues that allowing amendment will cause them prejudice because the increased complexity in the case will likely lead to jury confusion. This argument is unpersuasive. While allowing amendment will increase the complexity of the case, juries routinely resolve factual disputes involving professional negligence. Citizens has given this Court no reason to believe that there is anything unusual in the professional negligence claims that will confuse a jury. Moreover, as Bayonne Med observes in its reply, Citizens itself increased the complexity of the case by filing

7

a counterclaim that likely will require the jury to understand expert testimony on structural engineering. Citizens' objection based on increased case complexity does not withstand scrutiny.

Lastly, as the issues in this case indisputably involve application of state law, Citizens would not be prejudiced by a remand to state court. See City of Perth Amboy, 539 F. Supp.2d at 749. Thus, this Court finds that granting this motion is likely to result in only slight prejudice to Citizens, and that this is minimal when weighed against the other considerations which favor granting the motion.

Having examined all four Hensgens considerations, this Court finds that all four weigh in favor of allowing Bayonne Med to amend the Complaint and destroy diversity.

This Court now turns to the motion to amend to join Tanenbaum, a diverse party. This does not implicate 28 U.S.C. § 1447(e), and the decision on this aspect of the motion is guided by Rule 15(a)'s instruction that leave to amend "shall be freely given." Here, again, Bayonne Med argues that joinder of the insurance broker is essential to their defense against Citizens' claim for rescission based on misrepresentation, since, to the extent that misrepresentations were made to the insurance company, they were made by the broker. This is a viable legal theory, and, again, it would be duplicative and inefficient to deny the motion to amend such that Bayonne Med must initiate a separate negligence action against Tanenbaum.

In opposition to the motion to amend to join Tanenbaum, Citizens argues only that the requirements of Rule 20 have not been met. FED. R. CIV. P. 20(a) states:

> Persons Who May Join or Be Joined. . .
> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will

arise in the action.

The requirements of Rule 20(a)(2) are plainly met. The right to relief asserted against Tanenbaum stems from the same transaction that the counterclaim has put at issue: the purchase of the Policy. There are common issues of fact common to all defendants: the questions of what condition the Buildings were in when insured, and whether misrepresentations were made to Citizens about the condition of the Buildings at the time Bayonne Med purchased the Policy. Citizens' contention that the permissive joinder requirements of Rule 20 have not been met is meritless.

Economy and efficiency weigh in favor of granting the motion to amend to join Tanenbaum, and Citizens has shown no reason why leave to amend should not be granted. Because Rule 15(a) instructs this Court that leave to amend "shall be freely given," and because the permissive joinder requirements of Rule 20 have been satisfied, as to Tanenbaum, this Court respectfully recommends that the motion to amend be granted.

Based on this examination of the competing interests of the parties, the Court finds that an analysis of the considerations set forth in the Hensgens case weighs in favor of granting Plaintiff's motion to amend the Complaint to join the non-diverse defendants and to add new causes of action against them. Because Plaintiff and the engineering defendants are all citizens of New Jersey, and there is no federal question embodied in the Amended Complaint, granting the motion to amend destroys the basis for this Court to exercise subject matter jurisdiction over the action. Accordingly, pursuant to 28 U.S.C. § 1447(e), this Court respectfully recommends that the District Court remand this case to the Superior Court of New Jersey, Hudson County: Law Division.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to amend is granted. I respectfully recommend that the Plaintiffs' motion to remand (Docket Entry No. 13) be granted and this case be remanded to the Superior Court of New Jersey. The parties have ten (10) days from receipt hereof to file and serve objections.

                                              Respectfully submitted,

                                              *s/Madeline Cox Arleo*
                                              MADELINE COX ARLEO
                                              United States Magistrate Judge

Dated: June 20, 2008

Orig:   Clerk of the Court
cc:     Hon. Joseph A. Greenaway, Jr., U.S.D.J.
        All Parties
        File